IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-601-FL

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THERESA WAHOME, *also known as* Theresa Tate; JONATHAN WAHOME; QUATERIA McGIRT; S.M., *by and through her Guardian ad Litem*, *Shaletia McArthur*; and SHALETIA McARTHUR, *Individually* )<br>)<br>Defendants. ) | ORDER |

This matter is before the court on the motion to dismiss of defendants Quateria McGirt, S.M., and Shaletia McArthur, made pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a). (DE 23). The issues raised are ripe for ruling.[1] For the reasons that follow, the court denies defendants' motion.

### STATEMENT OF THE CASE

This case arises out of an underlying personal injury action filed by defendants McGirt, S.M., and McArthur, on February 5, 2015, in Durham County, North Carolina, Superior Court. (Compl. DE 1, ¶ 12). There, defendants McGirt, S.M., and McArthur claim damages resulting from a traffic accident and allege that defendant Jonathan Wahome, a passenger in the car that allegedly caused that accident, encouraged the driver's negligence. (Id., ¶¶ 13–16).

---

[1] Although plaintiff does not oppose defendants' motion to dismiss, "the district court nevertheless has an obligation to review the motion[] to ensure that dismissal is proper." Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 416 n.3 (4th Cir. 2014).

On November 16, 2015, plaintiff filed this action seeking a declaration that it is not obligated to satisfy any judgment entered against defendant Jonathan Wahome. (Id., ¶ 10). In particular, plaintiff seeks a declaratory judgment that the auto insurance policy of Theresa Wahome, defendant Jonathan Wahome's mother, provides no liability coverage for the claims brought against her son. (Id.).

Defendants McGirt, S.M., and McArthur filed the instant motion on February 9, 2016. Defendants argue that the court should decline jurisdiction under § 2201(a), where this case raises issues related to an insurance contract governed by North Carolina law.

## DISCUSSION

In relevant part, the Declaratory Judgment Act provides that the court "may declare the rights and other legal relations of [the parties]." 28 U.S.C. § 2201(a). Whether a district court should exercise its jurisdiction to hear a declaratory judgment action is a matter within the court's discretion. Wilton v. Seven Falls Co., 515 U.S. 277, 282–83 (1995). In cases where there are parallel state proceedings, the court weighs four factors to guide its discretion:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

Penn-Am. Ins. Co. v. Coffey, 368 F.3d 409, 412 (4th Cir. 2004). On the facts of this case, these factors weigh in favor of retaining jurisdiction over this matter.

The first factor, whether the state has a strong interest in deciding the issue, does not favor dismissal. The Fourth Circuit has "frequently approved the use of federal declaratory judgment actions to resolve disputes over liability insurance coverage, even in advance of a judgment against

2

the insured on the underlying claim for which coverage is sought." Nautilus Ins. Co. v. Winchester Homes, 15 F.3d 371, 375–376 (4th Cir. 1994), limited by Wilton 515 U.S. 277; accord Penn-Am., 368 F.3d at 414 (holding district court should have exercised jurisdiction over declaratory judgment action to resolve a dispute regarding liability insurance coverage in an underlying state tort action). Here, as in Penn-America, the issue before the court is one of contract interpretation. Penn-Am., 368 F.3d at 414. Deferring the issue to the underlying state action therefore will "not advance the State's interests significantly because (1) the contractual coverage issue will not be decided by the state tort case, and (2) [the insurance company] is not a party to the state case." Id. Moreover, this case does not present any novel issue of state law.

The second factor, whether the state court could resolve the issues more efficiently, "requires careful inquiry into 'the scope of the pending state court proceeding[s],' including such matters as 'whether the claims of all parties in interest [to the federal proceeding] can satisfactorily be adjudicated in that proceeding, [and] whether necessary parties have been joined.'" Nautilus, 15 F.3d at 378–379 (citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942)) (first and second alterations in original). Because plaintiff is not a party to the state action, "dismissing the federal coverage case would not seem to advance any cause of efficiency." Penn-Am., 368 F.3d at 414.

The third factor, whether "overlapping issues of fact or law" might create unnecessary "entanglement" between state and federal courts, also does not support dismissal. This court "was presented with the task of determining whether the allegations of the complaint, if proved, would bring the claim within the coverage of the [insurance] policy." Id. To resolve this coverage dispute, "the court need only decide the scope of the contractual language," an issue which will not be

3

decided in the underlying state action. Id. at 414. The specific facts at issue in the state court action will not be relevant to this court's analysis of plaintiff's claim.

The fourth Nautilus factor, whether the federal action is mere "procedural fencing" or the product of forum-shopping, similarly does not favor granting defendants' motion. Defendants do not point to any evidence of record to show "procedural fencing," forum-shopping, or bad faith on the part of plaintiff. Id. "[T]his is not a case in which a party has raced to federal court in an effort to get certain issues that are already pending before the state courts resolved first in a more favorable forum, for the issues presented in this declaratory action are not the same as those raised in the pending state court proceedings." Nautilus, 15 F.3d at 380.

In sum, the state's interest in the contract interpretation issue before the court is not strong, nor are the federal and state case so entangled, as to merit granting defendants' motion.

Defendants contest this conclusion. In support of their argument, defendants direct the court to four cases, each cited without analysis. Of the cases cited by defendants, Netherlands Insurance Co. v. Cockman, 342 F. Supp. 2d 396 (M.D.N.C. 2004), is the most factually analogous to the instant case. However, Netherlands still is distinguishable.

First, Netherlands raised a novel legal issue regarding uninsured motorist coverage that previously had not been resolved by the state courts. Id. at 407–08. By contrast, plaintiff's claim presents a straight forward issue of contract interpretation.

Second, the issues before the state and federal court in Netherlands substantially overlapped, demonstrating entanglement. For example, the insurance company, there a party to the underlying state litigation, already had raised the coverage issue in the state court. Id. at 398–99. Here, however, plaintiff is not a party in the underlying state action, and there is no indication in the record

4

that the coverage issue also is pending before the state court.

Finally, unlike here, there was evidence in Netherlands that the insurance company initiated the federal action for the purposes of forum-shopping, where an identical coverage issue already was pending in the state court, and the insurance company waited two years after the state lawsuit was filed to bring its federal suit. Id. at 410. By contrast, in this case, there is no coverage issue in the state action. Further, plaintiff filed this action only nine months after the state court action was filed, and alleges not to have known about the state action for some time after it was commenced. (Compl., ¶ 25).

Defendants also cite Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321 (4th Cir. 1937). However, that case only bolsters the court's conclusion. Id. at 325. In Aetna, an insurance company sought an declaring and establishing the duties of both itself and the policyholder in a pending state court action. Id. at 323. In addition, the plaintiff sought a declaration that the underlying suit was "collusive." Id. The Fourth Circuit affirmed the district court's dismissal of the declaratory judgment action on the facts of that case; however, the court approved of the use of the mechanism in general.

> [T]he remedy prescribed by the Declaratory Judgment Act may furnish a convenient and appropriate remedy for use in many cases where a controversy has arisen over the coverage of an automobile liability insurance policy; but the question in the case at bar relates not to the coverage of the policy but to the bona fides of a suit which had been instituted against the insured and which the company had been called upon to defend.

Id. Unlike in Aetna, "the case at bar relates [only] to the coverage of the policy." Id.

The remaining two cases cited by defendants, Hyrne v. Allstate Insurance Co., No. 2:06-CV-0584, 2006 WL 1889179, at *1 (D.S.C. July 7, 2006) and Eades v. United States, No 97-2510, 1999 WL 25549, at *1 (4th Cir. Jan. 22, 1999), are similarly inapposite. In Hyrne, the court declined to

5

exercise jurisdiction where the declaratory judgment action raised a novel uninsured motorist issue of South Carolina law, and where all relevant parties also were involved in the state court action. Hyrne, 2006 WL 1889179, at *1–2. Likewise, Eades concerns choice of law in a worker's compensation action. Unlike the relevant analysis here, the Eades court weighed the relative interests of a state and federal forum. See Eades, 1999 WL 25549, at *1.

## CONCLUSION

Based on the foregoing, defendants Quateria McGirt, S.M., and Shaletia McArthur's motion to dismiss (DE 23) is DENIED.

SO ORDERED, this the 1st day of June, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge