IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-601-FL

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) ORDER |
| THERESA WAHOME, also known as Theresa Tate; JONATHAN WAHOME; QUATERIA McGIRT; SHAWNTIA McARTHUR, Individually; and SHALETIA McARTHUR, Individually, | ) ) ) ) ) ) ) |
| Defendants.[1] | ) |

This matter came before the court for bench trial April 1, 2019. As set forth below, the court enters findings of fact and conclusions of law and orders that judgment be entered in favor of plaintiff.

**STATEMENT OF THE CASE**

This case arises out of an underlying personal injury action filed by defendants Quateria McGirt, Shawntia McArthur, and Shaletia McArthur (collectively "the McGirt party") on February 5, 2015, in the General Court of Justice, Superior Court Division of Durham County, North Carolina, Case No. 15-CVS-1981 ("underlying lawsuit"). There, the McGirt party claimed damages resulting from a traffic accident and allege that defendant Jonathan Wahome ("J. Wahome"), a

---

[1] The court constructively amends the caption to reflect status of certain defendants as defendants only, and not counter claimants, where the court construed these defendants' operative motion concerning this issue, defendants' "cross complaint for declaratory judgment and motion for summary judgment," (DE 52), as motion for summary judgment, (see DE 82 at 1), as discussed further below.

passenger in the car that caused that accident, encouraged the driver's negligence.

On November 16, 2015, plaintiff filed this action seeking a declaration pursuant to Rule 57 of the Federal Rules of Civil Procedure that it is not obligated to satisfy any judgment entered against J. Wahome. In particular, plaintiff seeks a declaratory judgment that Nationwide personal auto policy 6132 J 685880 ("the Policy") issued to J. Wahome's mother, defendant Theresa Wahome ("T. Wahome"), provides no liability coverage for the claims brought against J. Wahome in the underlying lawsuit.

On February 9, 2016, the McGirt party filed motion to dismiss, arguing the court should decline jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), which the court denied on June 1, 2016, holding that "the state's interest in the contract interpretation issue before the court is not strong, nor are the federal and state case so entangled, as to merit granting defendants' motion." (DE 25 at 4).

During this time, plaintiff unsuccessfully was attempting to serve summons and complaint on defendants J. Wahome and T. Wahome. Ultimately, the court extended plaintiff's time to serve T. Wahome to October 19, 2016, and to serve J. Wahome to April 24, 2017. Although service was effected on these defendants, to date, no appearance, answer, or other response has been made by them, and these defendants did not participate in the April 1, 2019, bench trial.

The case appeared to stall and on July 3, 2017, the court directed plaintiff to file status report, which plaintiff filed July 17, 2017, informing the court that plaintiff and the McGirt party anticipated no need for written discovery or depositions and planned to file competing dispositive motions. On November 22, 2017, plaintiff filed motion for judgment on the pleadings. However, no response was filed as to this motion, and it was not until May 2, 2018, the McGirt party filed "First motion

2

for leave to file cross complaint for DJ & motion for summary judgment," (DE 51), as well as "Cross-complaint for declaratory judgment and motion for summary judgment," (DE 52). Additionally, on May 30, 2018, the McGirt party filed amended motion for leave to file counterclaim. (DE 58).

The court sought to clarify intent of these defendants' filings. Following Rule 16 telephonic status conference held on May 30, 2018, in which the McGirt party agreed with the court that the intention of the parties was to file cross-dispositive motions, the court construed the McGirt party's motions consistent with this representation, allowing motion for leave to file summary judgment, denying motion for leave to amend answer as untimely, construing filing at DE 52 as motion for summary judgment, denying motion for leave to file counterclaim as moot given the court's previous rulings, and directing these defendants to file memorandum in support of their motion for summary judgment by June 11, 2018, which defendants did.

Thereafter, the court took up the parties' cross-motions for summary judgment, denying both motions on September 28, 2018, holding genuine issue of material fact existed 1) as to when notice was provided to plaintiff regarding the underlying litigation and 2) whether J. Wahome was an "insured" under the Policy at issue, precluding grant of summary judgment as to either party.[2]

Bench trial, at which plaintiff presented the testimony of Michael Glenn ("Glenn"), plaintiff's litigation adjuster, and Phillip Collins ("Collins"), an attorney retained by Glenn to appear on behalf of plaintiff in the underlying litigation, commenced and concluded April 1, 2019. At the close of plaintiff's case, the McGirt party moved for directed verdict arguing plaintiff failed to put

---

[2] The court amended the September 28, 2018 order on April 1, 2019. The original order inadvertently calculated deadline for responding to request for admissions under North Carolina law incorrectly, and the amended order corrected this error.

forth sufficient evidence, particularly with regard to whether plaintiff was materially prejudiced by any delay in notification by the insured of the underlying litigation and as to the issue of J. Wahome's place of residency. Following argument as to the McGirt party's motion, the McGirt party's evidence was limited to insertion of a complete exhibit previously referenced by plaintiff. (See Def. Ex. 4). Later that day, plaintiff filed what amounts to a post-trial brief reciting facts in evidence and offering additional argument, with vague reference to directed verdict and judgment on partial findings.

## FINDINGS OF FACT

On February 5, 2015, the underlying lawsuit, captioned <u>Quateria McGirt, Shawntia McArthur, by and through her Guardian ad Litem, Shaletia McArthur and Shaletia McArthur, Individually v. Richard Thompson Little, Jr., Bernell Laverne Phillis, Andrew Jamal Reid, Jonathan Harrison Wahome, John Doe 1, John Doe 2, John Doe 3, and John Doe 4</u> (15 CVS 1981), was filed in the Superior Court of Durham County, North Carolina by the McGirt defendants herein. It is alleged that on July 31, 2014, there was a two-vehicle accident in which a 2001 Mercedes Benz owned by Bernell Phillips and operated by Richard Little struck a 2008 Ford operated by Quateria McGirt. It is further alleged that Richard Little, an affiliate of the "Dirty South Rider" club, was traveling at an estimated speed of 93 miles per hour at the point of impact, on a road with a posted speed limit of 35 miles per hour.

At the time of the accident, J. Wahome was a passenger in the backseat of the vehicle operated by Richard Little. The underlying lawsuit alleges that J. Wahome "encouraged," "promoted," "willfully participated in," and "facilitated" the "negligence and gross negligence" of Richard Little.

4

Two days after that case was filed, summons and complaint was served on J. Wahome on February 7, 2015, by certified mail, accepted and signed for by T. Wahome, J. Wahome's mother. Along with the summons and complaint, the McGirt party served J. Wahome with requests for admission. J. Wahome generally was aware that court papers had arrived at his mother's house but declined to respond because he believed the court papers were related to a separate child custody matter.

The deadline to answer the complaint was March 9, 2015, and the deadline to answer the requests for admissions was April 8, 2015. On April 29, 2015, the McGirt party filed a motion for entry of default against J. Wahome due to his failure to answer the complaint. On Friday afternoon, May 8, 2015, T. Wahome called plaintiff's call center to report that she had received notice of a hearing the following Monday, May 11, 2015, on a motion for entry of default for her son's failure to answer the complaint.

On Monday morning, May 11, 2015, plaintiff's litigation adjuster Glenn retained Raleigh attorney Collins to appear at the hearing scheduled for later that afternoon. Collins filed an answer to the complaint prior to the hearing, and the motion for entry of default was denied. During the hearing on May 11, 2015, Collins learned of the existence of the requests for admission.

On Friday, May 15, 2015, at Collins' request, attorney Ralph Hunt, the McGirt party's counsel in this case and the underlying litigation, emailed to Collins a copy of the requests for admission. Collins did not seek from opposing counsel in the underlying case extension of time to respond to the requests for admission. On June 2, 2015, Collins filed answers to the requests for admission, denying key requests going to the issue of J. Wahome's liability. Also on June 2, 2015,

Collins filed a motion to extend the time to answer the requests for admission, submitting in support affidavit of J. Wahome dated May 28, 2015, as well as motion to dismiss for improper service of process. Finally, on June 30, 2015, Collins filed amended motion to dismiss. These motions were heard in August 2015 and denied.

The "General Duties" provision in the Policy provides that a person seeking coverage thereunder must "[p]romptly send us copies of any notices or legal papers received in connection with the accident or loss," and "[c]ooperate with us in the investigation, settlement or defense of any claim or suit."

## CONCLUSIONS OF LAW

A.      Jurisdiction and Venue

It is stipulated that all parties are properly before the court, the court has jurisdiction over the parties and subject matter, the parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.

B.      Notice to Plaintiff Regarding Underlying Lawsuit

Under North Carolina law, "unless the insured or his judgment creditor can show compliance with the [notice] requirement [in the policy], the insurer is relieved of liability." Davenport v. Travelers Indem. Co., 283 N.C. 234, 238 (1973). The North Carolina Supreme Court has articulated a three-part test to determine whether "an insurer may be relieved of its obligation to indemnify due to its insured's asserted failure to comply with a policy requirement that notice of loss be given to the insurer 'as soon as practicable.'" Metric/Kvaerner Fayetteville v. Fed. Ins. Co., 403 F.3d 188, 197–98 (4th Cir. 2005) (citing Great Am. Ins. Co. v. C.G. Tate Constr. Co., 303 N.C. 387 (1981); Great Am. Ins. Co. v. C.G. Tate Constr. Co., 315 N.C. 714 (1986)). The test is as follows: "(1)

whether there was a delay in notifying the insurer of a covered loss (the 'Notice Element'); (2) if such notice was delayed, whether the insured acted in good faith with respect to the delay (the 'Good Faith Element'); and (3) if the insured acted in good faith, whether the insurer was nevertheless materially prejudiced by the delay (the 'Prejudice Element')." Id. at 198.

1. The Notice Element

Plaintiff has carried its burden showing that T. Wahome informed plaintiff of the lawsuit on May 8, 2015, three months after summons, complaint, and request for admissions were served upon T. Wahome. This is not a heavy burden; as stated by the Supreme Court of North Carolina:

> the first step in the Great American test simply requires the trial court to determine whether there has been any delay in notifying the insurer. In most instances, unless the insurer's allegations that notice was not timely are patently groundless, this first part of the test is met by the fact that the insurer has introduced the issue to the court. Therefore only the good faith and prejudice steps remain to be addressed by the trial court.

Great Am. Ins. Co., 315 N.C. at 719. Thus, the first element is satisfied in favor of plaintiff.[3]

2. Good Faith Element

This element is a two-part inquiry asking "1) Was the insured aware of his possible fault, and 2) Did the insured purposefully and knowingly fail to notify the insurer?" Great Am. Ins. Co., 315 N.C. at 720.

Plaintiff argued at trial that the evidence supported a conclusion that the insured did not act in good faith with respect to the delay. Plaintiff argued J. Wahome was generally aware of the suit

---

[3] The McGirt party appeared to argue at trial in closing that actual notice to the particular individual is necessary, perhaps alluding to J. Wahome's argument made in the underlying lawsuit that he was not properly served. However, the undisputed evidence presented at trial is that two days after the underlying lawsuit was filed, complaint and summons were served on J. Wahome February 7, 2015, via certified mail, accepted and signed for by T. Wahome, J. Wahome's mother, at the residence the McGirt party has repeatedly argued was J. Wahome's residence. (See Pl. Ex. 3).

7

papers, he ignored them because he though they were just child support papers, and that this is inadequate for the court to find good faith. However, in post-trial briefing, plaintiff concedes that "Wahome's failure to inspect the court papers to determine what they involved was not a failure to act in good faith." (DE 86 at 1). The court finds plaintiff's concession well taken from the evidence presented. The good faith element is satisfied in this instance in favor of the insured.

3. Prejudice Element

"[I]f good faith is found to be lacking, the court need not inquire into and the insurer need not prove prejudice." Great Am. Ins. Co., 315 N.C. at 720 n.4. However, if prejudice must be proven, as here, plaintiff bears the burden as insurer to prove that its ability to investigate and defend was materially prejudiced by the delay in notification. Id. at 718.

Plaintiff has shown that in the underlying lawsuit, J. Wahome was unable to answer the 33 wide-ranging requests for admissions served upon him. (See, e.g., Pl. Ex. 7 (requesting admission that J. Wahome has "no evidence to support any affirmative defense that the Plaintiffs were contributorily negligent" or "Plaintiff's case fails to state a claim upon which relief can be granted" and that J. Wahome was "not the only passenger that supported Richard's Little's decision to drive at a high rate of speed," was "negligent," and was "otherwise careless and negligent exhibiting disregard for the rights and safety of others")). Under Rule 36 of the North Carolina Rules of Civil Procedure, requests for admission are deemed conclusively admitted if not timely answered. See N.C. Gen. Stat. 1A-1, 36(b) ("Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission").

The facts established at trial show plaintiff received notice of the underlying litigation on May 8, 2015, three months after complaint was served on J. Wahome, two months after answer to

complaint was due, one month after request for admissions was due, and one business day before hearing was set to determine any default. Plaintiff was able to secure a denial of the default motion, and in the ensuing three weeks plaintiff's counsel prepared and filed on June 2, 2015, answers to the requests for admission, motion for extension of time to answer the requests for admission, and motion to dismiss, all following consultation with J. Wahome, as evidenced by submission, with the aforementioned motions, of J. Wahome's affidavit, dated May 28, 2015.

Plaintiff's ability to defend in the underlying lawsuit was prejudiced by the admissions and this prejudice was material in that virtually all liability was conceded. Collins, the attorney retained to represent plaintiff in the underlying litigation, testified that the failure to be able to deny the request for admissions, in effect, destroyed the potential liability defense and the underlying lawsuit for purposes of J. Wahome became a damages-only case.

Relevant case law supports this holding. See Foremost Ins. Co. of Grand Rapids v. Raines, 246 N.C. App. 361, 784 S.E.2d 236 (2016) (burden carried proving material prejudice where insurer was not notified of claim until five months after insured received complaint and after "default judgment obtained against the Raineses in the amount of $100,000.00, which could not be set aside"); Royal Ins. Co. of Am. v. Cato Corp., 125 N.C. App. 544, 549, 481 S.E.2d 383, 386 (1997) ("By the time Cato notified Royal about the Hurt suit, [three months after insured received complaint], a default judgment in favor of Ms. Hurt had already been entered against Cato. As a result, Royal was deprived of an opportunity to investigate or defend the Hurt claim."); S.C. Ins. Co. v. Hallmark Enterprises, Inc., 88 N.C. App. 642, 650, 364 S.E.2d 678, 682 (1988) (burden carried proving material prejudice where insurer was not notified of claim until "more than a year after the default judgment was entered in Huggins' favor"); Wm. C. Vick Const. Co. v. Pennsylvania

Nat. Mut. Cas. Ins. Co., 52 F. Supp. 2d 569, 577 (E.D.N.C. 1999), aff'd sub nom. Wm. C. Vick Const. Co. v. Great Am. Ins. Co., 213 F.3d 634 (4th Cir. 2000) (burden carried proving material prejudice where insurer was not notified of claim until after "arbitration proceeding took place, and after the Superior Court had affirmed the arbitrator's award").[4]

The court concludes there was delay in notifying the insurer, the insurer acted in good faith with respect to the delay, but the insurer was nevertheless materially prejudiced by the delay.[5]

## CONCLUSION

Based on the foregoing, this court finds and concludes plaintiff is relieved of liability under the Policy. It is therefore ORDERED that judgment be entered in favor of plaintiff. The clerk is DIRECTED to close the case.

SO ORDERED, this the 13th day of September, 2019.

*[signature: Louise V. Flanagan]*
LOUISE W. FLANAGAN
United States District Judge

---

[4] As argued by the McGirt party at trial, counsel could have attempted to secure an extension of time from the McGirt party in the underlying case. Additionally, as noted by the court at trial, counsel could have immediately filed motion for extension of time to answer the requests for admission upon learning about the existence of the requests at hearing on May 11, 2015. Counsel did not. However, the McGirt party does not cite to, nor is the court aware of, any precedent indicating counsel's delay and motions strategy defeats evidence presented above by plaintiff that plaintiff was materially prejudiced by the delay in notification.

[5] Based on this conclusion, the court need not reach the issue of whether J. Wahome was an "insured" under the Policy.